UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVA HILL, | ) |
| | ) |
| Plaintiff, | ) Case: 1:24-cv-04429 |
| | ) |
| v. | ) |
| | ) |
| ADECCO USA, INC, and PROCTER & GAMBLE DISTRIBUTING LLC, | ) Jury Trial Demanded |
| | ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff, Eva Hill ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Adecco USA, Inc. and Procter & Gamble Distributing LLC (collectively "Defendants"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.  This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants' race discrimination, race-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3.  Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.  Plaintiff was employed by Defendants as an "employee" within the meaning of 42

U.S.C §2000e(f).

5. During the applicable limitations period, Defendants have at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

6. At all relevant times, Defendants, have continuously been under contract for services rendered in Illinois, and have continuously been a joint employer, which both Defendants generally controlled the terms and conditions of the employment of Plaintiff.

## ADMINISTRATIVE PREREQUISITES

7. All conditions precedent have been fulfilled or been complied with.

8. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

9. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

10. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

11. At all times material to the allegations of this Complaint, Plaintiff, Eva Hill, resides in Grundy County, Illinois.

12. At all times material to the allegations in this Complaint, Defendant, Adecco USA, Inc., is a corporation doing business in and for Grundy County, Illinois, whose address is 1802 N. Division Street, Suite 100, Morris, Illinois 60450.

13. At all times relevant, Plaintiff was employed and worked at Procter & Gamble Distributing, LLC location at 222 Airport Road, Morris, Illinois 60450, which is in Grundy

2

County, Illinois.

## BACKGROUND FACTS

14. Plaintiff began working for Defendants as a line production employee in or around January 2023.

15. Since at least November 1, 2023, through January 12, 2024, Defendants have subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

16. Plaintiff suffered multiple adverse employment actions including, but not limited to her scheduled work hours being reduced.

17. Plaintiff is in a protected class because of her race, Caucasian.

18. In or around November 2023, Defendant began treating Plaintiff and other non-Hispanic employees different on the basis of their race, Caucasian.

19. In or around November 2023, Plaintiff noticed non-Hispanic employees were being replaced with Hispanic employees during working hours so that Hispanic employees were able to get their full hours.

20. In or around November 2023, Plaintiff noticed non-Hispanic employees were targeted and sent home as excess employees.

21. In or around November 2023, Plaintiff made a complaint to management regarding this disparate treatment, but nothing was done.

22. Defendant's manager asked Plaintiff to not write a report and give him time to fix the issue.

23. Despite this, non-Hispanic employees continued to be sent home as excess employees.

24. Moreover, Caucasian, African-American, and other non-Hispanic employees were routinely sent to "the Cage," an area off the line that the employees would need to stay in where they were unable to work.

25. On or about January 10, 2024, Plaintiff was sent home from work for false allegations levied by Hispanic employees against Plaintiff.

26. On or about January 10, 2024, Plaintiff requested an incident sheet to complete a report and was told not to because the alleging employees would consider it retaliation against them.

27. On or about January 12, 2024, Plaintiff was again sent home early while attempting to complete a complaint for the event on January 10, 2024, again due to false allegations.

28. Subsequently, Plaintiff was terminated from her employment.

## COUNT I
### Race-Based Discrimination in Violation of 42 U.S.C. § 1981

29. Plaintiff repeats and re-alleges paragraphs 1-28 as if fully stated herein.

30. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

31. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

32. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

4

33. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*
### Race-Based Discrimination

34. Plaintiff repeats and re-alleges paragraphs 1-28 as if fully stated herein.

35. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

36. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

37. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

38. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.
### Race-Based Harassment

39. Plaintiff repeats and re-alleges paragraphs 1-28 as if fully stated herein.

40. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her race (Caucasian), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

41. Defendant knew or should have known of the harassment.

42. The race harassment was severe or pervasive.

43. The race harassment was offensive subjectively and objectively.

44. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her race (Caucasian).

45. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of 42 U.S.C. § 2000e, *et seq.*
### Retaliation

46. Plaintiff repeats and re-alleges paragraphs 1-28 as if fully stated herein.

47. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, et seq.

48. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

49. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination.

50. Defendant also failed to take necessary precautions to prevent further recurrences

of the discriminatory and harassing conduct complained of by Plaintiff.

51. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the race -based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

52. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

53. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

   a. Back pay with interest;

   b. Payment of interest on all back pay recoverable;

   c. Compensatory and punitive damages;

   d. Reasonable attorneys' fees and costs;

   e. Award pre-judgment interest if applicable; and

   f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 29th day of May, 2024.

/s/ *Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8181
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*